

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 19 2012
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § | No. 5:12-MJ-120 |
| | § § | |
| PEDRO RODRIGUEZ-FACUNDO | § | |

## PLEA AGREEMENT

Pedro Rodriguez-Facundo, defendant, Michael L. King, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: The defendant understands that he has the following rights:

    a. to plead not guilty;

    b. to have his guilt proven beyond a reasonable doubt;

    c. to confront and cross-examine witnesses and to call witnesses in his defense; and

    d. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in the Criminal Complaint, charging a violation of 8 U.S.C. §§ 1325 and 1329, that is, Improper Entry by an Illegal Alien. The defendant understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual résumé he has signed is true and will be submitted as evidence.

3. **Sentence:** The maximum penalties the Court can impose is as follows:

   a. imprisonment for a period not to exceed 6 months;

   b. a fine not to exceed $5,000;

   c. a mandatory special assessment of $10; and

   d. costs of incarceration.

4. **Court's sentencing discretion and role of the Guidelines:** The sentence in this case will be imposed by the Court. There is no agreement as to what the sentence in this case will be.

5. **Mandatory special assessment:** The defendant agrees to pay to the U.S. District Clerk the amount of $10, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's agreement:** The defendant shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on his in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately.

In the event the Court imposes a schedule for payment of restitution, defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation. The defendant understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

7. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to his plea of guilty. The government will dismiss, after sentencing, any remaining charges in the pending information. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

8. **Violation of agreement**: The defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute him for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use

against him of any information or statements he has provided to the government, and any resulting leads.

9. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Waiver of right to appeal or otherwise challenge sentence**: Except as otherwise provided, the defendant expressly waives the right to appeal his conviction and/or sentence on any ground, including any appeal right conferred by 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742. The defendant further waives his right to contest his conviction and/or sentence in any post-conviction or collateral proceeding, including, but not limited to, proceedings under 28 U.S.C. §§ 2241 and 2255. The defendant, however, reserves the right to (a) appeal any punishment imposed exceeding the statutory maximum, and (b) any claim based on ineffective assistance of counsel.

11. **Immigration consequences.** The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The

defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea of guilty may entail, even if the consequence is his automatic removal from the United States.

12.     **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. The defendant has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, the defendant has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Entirety of agreement**:  This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 31st day of October, 2012.

X Pedro Rodriguez
Pedro Rodriguez-Facundo

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

ANN C. ROBERTS
Assistant United States Attorney
Texas State Bar No. 24032102
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:   806.472.7397
Facsimile:   806.472.7324
Email:         ann.roberts@usdoj.gov

Michael L. King
Attorney for Defendant

DENISE WILLIAMS
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

X *Pedro Rodriguez*   3 Oct 12
Pedro Rodriguez-Facundo         Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

*Michael King*   3 Oct 12
Michael L. King         Date
Attorney for Defendant